IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CASTLE STONE HOMES, INC., a Utah corporation,<br><br>                    Plaintiff,<br>v.<br><br>CHARTWAY FEDERAL CREDIT UNION, a federal credit union, dba HERITAGE WEST FEDERAL CREDIT UNION, and NATIONAL CREDIT UNION ADMINISTRATION BOARD, a United States Agency,<br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [7] MOTION TO DISMSS**<br><br>Case No. 2:12-cv-1007 DN<br><br>District Judge David Nuffer |

      This matter is before the court on a motion to dismiss filed by Chartway Federal Credit Union ("Chartway") and the National Credit Union Administration ("NCUA").[1] On June 7, 2013, by stipulation of the parties, the NCUA was substituted as a party by the National Credit Union Administration Board ("NCUAB").[2] The motion was fully briefed by the parties. For the reasons set forth herein, Defendants' motion is DENIED.

## Background

      Plaintiff Castle Stone Homes, Inc. ("Castle Stone") claims that in July 2007, it opened four certificates of deposit totaling $148,814.05 (the "CDs") with Heritage West Federal Credit Union ("Heritage"). Subsequently, Heritage experienced financial troubles and closed the accounts, all without providing any notification to Plaintiff. At some point thereafter, though the evidence is not entirely clear at this stage of the litigation, Heritage was being operated by the

---

[1] Docket no. 7, filed April 22, 2013.

[2] Docket no. 21.

NCUAB, as liquidating agent for Heritage, and Heritage's assets were ultimately sold to Chartway.[3]

On October 29, 2012, Plaintiff filed suit against Chartway and the National Credit Union Administration[4] asserting several causes of action arising from the loss of the CDs.[5] Defendants moved to dismiss the complaint on several grounds. Defendants contend that Chartway did not assume any liabilities related to the CDs, that no merger or de facto merger occurred between Heritage and Chartway, and that the CDs were not in existence at the time of the sale to Chartway. Given this, Chartway and the NCUAB argue that they are not liable for accounts that did not exist at the time of the sale to Chartway.

Castle Stone opposed the motion, claiming that Chartway's acquisition of Heritage was a merger or de facto merger, that Chartway assumed Heritage's liabilities, and that Chartway continues to hold itself out to the public as Heritage, and therefore must be liable. Castle Stone further argues that Defendants' motion was procedurally improper because it did not assert that Castle Stone failed to state a claim for relief, but instead addressed the merits of Castle Stone's claims. In the event Defendants' motion is construed as a motion of summary judgment, Castle Stone requests additional time to conduct discovery to oppose the motion for summary judgment.[6]

---

[3] The nature of this transaction is disputed by the parties.

[4] As discussed *supra*, by stipulation of the parties, the NCUAB was substituted as a party for the NCUA.

[5] Docket no. 2. Plaintiff amended its complaint on February 21, 2013. *See* Docket no. 4.

[6] Castle Stone filed a "Rule 56(f) declaration" in support of its position that additional discovery is needed to defeat Defendants' motion. Defendants argue that a formal motion for continuance to conduct discovery was never filed by Plaintiff. However, this point is mooted by the adoption of the 2013 version of the Federal Rules of Civil Procedure. Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may" defer considering the motion or deny it, allow time for discovery, or issue any other appropriate order. Thus, under the 2013 rules, a separate motion is not required.

**Discussion**

Defendants do not specifically identify the basis for their motion to dismiss. Based upon the arguments contained in the motion, it will be construed as a Rule 12(b)(6) motion for failure to state a claim for relief.

A party may move to dismiss a complaint under Rule 12(b)(6) where the Plaintiff has failed to state a claim upon which relief can be granted.[7] When analyzing a 12(b)(6) motion, "all well-pleaded factual allegations … are accepted as true and viewed in the light most favorable to the nonmoving party."[8] "A 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle it to relief."[9] To avoid dismissal under 12(b)(6), Castle Stone's amended complaint must contain enough factual allegations "to state a claim to relief that is plausible on its face."[10]

Viewing Castle Stone's amended complaint in a light most favorable to Castle Stone, it contains sufficient factual allegations to state a claim for relief that is plausible on its face. Defendants rely on matters outside the pleadings, including the affidavit of Jennifer Murphy, to support their motion and contend that the CDs did not exist when Heritage was liquidated. However, "when parties submit materials outside of the pleadings in support of or in opposition to a Rule 12(b)(6) motion, a court has broad discretion whether to accept and consider them."[11] Defendants' assertions that are outside of Castle Stone's amended complaint will not be

---

[7] Fed.R.Civ.P. 12(b)(6).

[8] *Sutton v. Utah State School for Deaf and Blind*, 173 F.3d 1226, 1236 (10ith Cir. 1999).

[9] *Id.*

[10] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[11] *Dobson v. Anderson*, 319 Fed.Appx. 698, 702 (10th Cir. 2008).

considered at this stage in the litigation until the parties have had an opportunity to engage in discovery.

## Order

Based upon the foregoing, Defendants' motion to dismiss is DENIED. Defendants shall file an answer to Castle Stone's amended complaint on or before November 8, 2013.

Signed October 25, 2013.

BY THE COURT:

_____
David Nuffer
United States District Judge