IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CASTLE STONE HOMES, INC., a Utah Corporation,<br><br>Plaintiff,<br>v.<br><br>CHARTWAY FEDERAL CREDIT UNION, a Federal Credit Union, dba HERITAGE WEST FEDERAL CREDIT UNION, and NATIONAL CREDIT UNION ADMINISTRATION BOARD, in its capacity as Liquidating Agent of Heritage West Federal Credit Union,<br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR EXTENSION OF TIME<br><br><br>Case No. 2:12-cv-01007-DN<br><br>District Judge David Nuffer |

Plaintiff, on September 4, 2014, filed a motion[1] requesting an extension of time ("Motion to Extend") to file a summary judgment motion. Defendants filed an opposition memorandum[2] arguing that pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, Plaintiff has failed to demonstrate "good cause" and "excusable neglect" for the relief it seeks.[3]

The time for Plaintiff to file a dispositive motion has long expired. As such, Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure governs Plaintiff's request to extend time.[4] Rule 6(b)(1)(B) provides that where a party requests an extension of time in which to carry out some task *after* the deadline for performing that task has already run, the party must demonstrate that its failure to timely carry out the task was the result of excusable neglect. The following factors are considered in deciding a motion to extend time: "(1) the danger of prejudice; (2) the

---
[1] Plaintiff's Motion to Extend Cut-Off Dates, docket no. 40, filed September 4, 2014.

[2] Memorandum in Opposition to Plaintiff's Motion to Extend Cutoff Dates, docket no. 41, filed September 18, 2014.

[3] *Id.* at 2–3.

[4] Fed. R. Civ. P. 6

length of the delay and its potential impact on judicial proceedings; (3) the reasons for the delay which includes whether it was within the reasonable control of the party seeking to show excusable neglect; and (4) whether that party acted in good faith."[5]

Plaintiff argues that granting the extension will promote judicial economy by either resolving the action or narrowing the issues for trial. Plaintiff claims that no prejudice will result to either party by granting the motion and points out that Defendants have sought and received several extensions the last few years, and it is disingenuous for Defendants to claim that the extension would cause them prejudice.

Plaintiff has not demonstrated excusable neglect. Allowing Plaintiff to file a summary judgment motion at this time will undoubtedly require moving the trial date, which will prejudice Defendants' ability to secure a timely resolution of this action. The length of the delay and its potential impact on judicial proceedings is also significant. The dispositive motion deadline was set for July 31, 2014. Plaintiff filed its Motion to Extend nearly three months after the dispositive motion deadline. The three month delay is significant, and as such weighs against excusable neglect. The reason for the delay, the third factor, also weighs against excusable neglect. Plaintiff states that it did not file a dispositive motion by the due date because of inadvertent oversight.[6] Mere inadvertence, however, is not a reason for delay that is sufficient to satisfy the standard for excusable neglect.[7] There is no evidence that Plaintiff moved for leave to file out of time in bad

---

[5] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993); *see also Bishop v. Corsentino*, 371 F.3d 1203, 1206–07 (10th Cir. 2004); *City of Chanute v. Williams Natural Gas*, 31 F.3d 1041, 1046 (10th Cir. 1994).

[6] Reply Memorandum in Support of Plaintiff's Motion to Extend Cut-Off Dates at 2–3, docket no. 42, filed September 22, 2014.

[7] *See e.g., Putnam v. Morris,* 833 F.2d 903, 905 (10th Cir. 1987) ("[S]imple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice for excusable neglect.") (internal quotation marks and citation omitted); *Clinkscales v. Chevron USA, Inc.*, 831 F.2d 1565, 1569 (11th Cir. 1987) (finding that inadvertence does not establish excusable neglect).

faith or that it failed to file in bad faith. Absent a finding of good or bad faith, this factor is neutral. For the reasons explained, Plaintiff has failed to demonstrate excusable neglect.

Further, Plaintiff has failed to articulate the purpose or basis of the summary judgment motion. It is therefore impossible to say that any advantage might accruee by allowing a motion to be filed.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's motion[8] to extend is DENIED. An order setting forth the requirements for trial will be sent to the parties shortly.

Signed September 24, 2014.

BY THE COURT

District Judge David Nuffer

---

[8] Plaintiff's Motion to Extend Cut-Off Dates, docket no. 40, filed September 4, 2014.